UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
MARC A. BOWMAN,

    Plaintiff,        **COMPLAINT**

vs.

DUTCHESS COMMUNITY COLLEGE,

    Defendant.
-------------------------------------------------x

  By and through his counsel, Michael H. Sussman, plaintiff complains of defendant as follows:

**PARTIES**

1. Plaintiff Marc Bowman is an African American adult who is a citizen of the United States and resides within this judicial district.

2. Defendant Dutchess Community College is an employer created by the State of New York and supported by public funds. It is a state actor and may sue and be sued for violations of the Fourteenth Amendment.

**JURISDICTION**

3. As plaintiff alleges that defendant violated rights guaranteed to him by the Equal Protection clause of the Fourteenth Amendment, this court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (a) (3 & (4) and 42 U.S.C. secs. 1981 and 1988.

**STATEMENT OF FACTS**

4. In December 2021, defendant employed plaintiff as Associate Vice President of Human Resources and provided him with a written contract which expired on August 31, 2022, and paid him $130,000 annually in salary and benefits.

5. In November 2022, Defendant provided plaintiff with a second annual contract retroactive to September 1, 2022, at the annual salary of $135,000 plus benefits.

6. During his first year of employment, defendant expanded plaintiff's job duties and, in addition to his responsibilities as Associate Vice President of Human Resources, assigned him to serve as its Title IX Officer and the Chief Diversity Officer, two distinct and separate positions with their own position descriptions.

7. On September 10, 2015, the SUNY Board of Trustees adopted Diversity, Equity, and Inclusion Policy, Document No. 7809 which created a first-in-the-nation infrastructure for supporting diversity, equity, and inclusion by requiring that each of SUNY's colleges and universities, and SUNY System Administration have a Chief Diversity Officer (CDO).

8. Specifically, regarding the campus CDO, the policy states that the campus CDO will: • Be a senior member of the campus administration, reporting directly to the president or provost; • Work collaboratively with offices across

campus—including but not limited to, the offices of academic affairs, human resources, enrollment management, and admissions; • Elevate inclusiveness and implement best practices related to diversity, equity, and inclusion in such areas as the recruitment and retention of students and senior administrators, faculty, and staff hires; and • Serve as part of a Systemwide network of CDOs to support SUNY's overall diversity goals.

9. Plaintiff understood that the position of CDO was important and supposed to be real.

10. He also knew that the position was to be independent of the HR Office, an office he was delegated to manage.

11. On several occasions, plaintiff advised defendant's president and Adam Rathbun, his immediate supervisor and defendant's Vice President for Finance and Administration, that he had been assigned three full-time jobs without adequate staffing support and needed assistance.

12. In response, Defendant's President advised plaintiff to do his best at these jobs.

13. In mid-2022, defendant commissioned a report from a consulting company concerning the staffing of its Human Resources function which concluded that plaintiff was substantially over-worked and recommended the division of the roles he had been solely assigned as explained above.

14. Despite this report's conclusions, during the ensuing six months and through June 2023, defendant did not alleviate the over-work which its President assigned plaintiff.

15. Instead, in June 2023, claiming that plaintiff was not a proper "cultural fit," his supervisor advised him that the President had decided to terminate his employment.

16. Plaintiff's supervisor also advised him that his position would be divided into three and that the defendant intended to hire three replacements for him.

17. To date, defendant has divided plaintiff's three roles as between three Caucasians, including Rathbun, Dr. Carlo and Deborah Ramsey.

18. Despite his substantial over-extension, the plaintiff performed the duties and responsibilities assigned to him and fully qualified to continue holding the position to which he was appointed and for which he received compensation.

19. Plaintiff replaced a Caucasian who was not required or expected to perform the duties and responsibilities associated with three distinct positions.

20. Plaintiff's Caucasian predecessor kept her files in a haphazard manner and yet continued in her position for more than a decade.

21. Plaintiff assiduously performed the job functions associated with him, but unlike Caucasian Vice Presidents, who did receive stipends for additional assignments, he did not.

22. Plaintiff has and will continue to suffer pecuniary and non-pecuniary losses as a consequence of his termination.

23. By and through this termination, plaintiff suffered emotional distress, embarrassment, loss of professional standing, humiliation, as well as financial detriment.

24. For the purpose of such personnel decisions, the college has delegated final decisional authority to its President who made the decision herein challenged.

## CAUSES OF ACTION

25. Plaintiff incorporates paras. 1-24 as if fully set forth herein.

26. By treating plaintiff as is set forth above, defendant college discriminated against him on the basis of his race in violation of the equal protection clause of the Fourteenth Amendment as made actionable by 42 U.S.C. section 1983 and devalued him and the position he was supposed to fulfill, one of critical importance to the success of African Americans and other people of color on campus.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to hear and decide all issues within its jurisdiction, award to plaintiff compensatory damages with interest as is permitted by law and so afford him make whole relief, reinstate him to the position of Associate Vice

President of Human Resources and award him, any other and further relief as is permitted by law including the costs and fees arising from his prosecution of this action.

Dated: September 26, 2023

                          Yours inc.,

                          Michael H. Sussman, Esq. [3497]