

Jonathan M. Bernstein | Partner
goldbergsegalla.com

> Plaintiff's response to Defendant's pre-motion letter was due on February 3, 2025. No response has been filed to date. Accordingly, Plaintiff shall file his response by February 10, 2025. The anticipated motion will be discussed at the case management conference scheduled for February 20, 2025 at 11:00 a.m.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> February 5, 2025

**VIA ECF**
Hon. Philip M. Halpern
Unites States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

Re:   Marc A. Bowman v. Dutchess County Community College, 23-cv-08482-PMH

Dear Judge Halpern:

Goldberg Segalla, LLP represents Defendant Dutchess Community College (DCC) in the above-referenced matter. We write pursuant to Your Honor's Individual Practice Rules to respectfully request a pre-motion conference to seek leave to file a motion for summary judgment. Attached is the Rule 56(a)(1) Statement of Material Facts as required.

Plaintiff Marc A. Bowman only asserts one cause of action -- that defendant DCC violated his rights guaranteed to him by the Equal Protection clause of the Fourteenth Amendment made actionable by 42 USC section 1983 due to discrimination based on race. Plaintiff is black.

Plaintiff was hired by DCC as the Assistant Vice President for Human Resources. Plaintiff was hired by Dr. Peter Jordan, who is also black. Dr. Jordan decided not to renew plaintiff's employment contract. Summary judgment is warranted as the same actor inference applies (See *Ehrbar v. Forest Hills Hosp.*, 131 F. Supp. 3d 5, 24 [EDNY 2015]["When the same actor hires a person already within the protected class, and then later fires that same person, 'it is difficult to

January 27, 2025
Page 2

impute to her an invidious motivation that would be inconsistent with the decision to hire.'" *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 137 (2d Cir. 2000); *Pronin v. Raffi Custom Photo Lab., Inc.*, 383 F. Supp. 2d 628, 639-40 (S.D.N.Y. 2005) (finding "same actor" inference severely undermined any inference of discrimination and granting summary judgment where the decision-maker was over sixty years old when he hired and terminated employee within two years)]).

Plaintiff had an employment contract with DCC for a term of January 3, 2022 through August 31, 2022. DCC renewed plaintiff's contract for a period of September 1, 2022 through August 31, 2023.

The employment contract for September 1, 2022 through August 31, 2023 contained a provision (2.B) entitled NON-RENWAL that stated either "the employee or DCC can terminate the employment relationship by providing written notice of the intention to non renew this letter agreement no less than sixty (60) days prior to the end of any term. Such notice shall be deemed given when physically delivered to the other party." DCC decided not to renew the contact relying upon the non-renewal clause as is its right. By letter dated June 29, 2023, plaintiff was supplied 60-day notification of DCC's decision not to renew plaintiff's employment with DCC.

The non-renewal had nothing to do with plaintiff's race. Plaintiff simply was not completing the job to the satisfaction of the employer. Plaintiff was supplied with a Performance Improvement Plan, dated March 22, 2023, from Adam Rathbun, Vice President of Finance and Administration. Dr. Jordan testified that during the summer of 2022 there were functions of the HR Department that were not being performed such as labor relations and employee relations

including taking concerns of the employees and addressing them. Dr. Jordan wanted plaintiff to develop a dashboard that would track open positions at DCC and believed that when plaintiff made a presentation at an executive leadership meeting Dr. Jordan noted that the dashboard needed additional work. Plaintiff presented the dashboard again at another meeting and Dr. Jordan believed that it still needed work. Dr. Jordan testified that he was aware of a student and faculty complaints about how plaintiff handled his Title IX responsibilities. There were concerns about plaintiff's level of training to handle Title XI cases.

Dr. Jordan spoke to plaintiff about being a more prominent voice during leadership meetings due to being redescent at those meetings. Dr. Jordan believed that plaintiff had lost credibility with Dr. Jordan, Mr. Rathbun and the DCC community. There were complaints received from DCC employees about plaintiff being slow to respond and not supplying accurate data.

Summary judgment is warranted as the decision not to renew plaintiff's contract had nothing to do with race. In fact, plaintiff admitted during his deposition that he was "not sure" of the basis for his belief of discrimination. There is no merit to this case.

Defendant respectfully requests that Your Honor grant permission to file the motion.

Respectfully Submitted,

Jonathan M. Bernstein

JMB:sm

Cc: All counsel of record via ECF